**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**UNITED STATES OF AMERICA**                    **CRIMINAL ACTION**

**VERSUS**                                                          **No. 10-329**

**RODERICK WIGGINS**                                  **SECTION I**

## ORDER & REASONS

Defendant Roderick Wiggins ('Wiggins") has filed an appeal[1] of this Court's judgment[2] denying his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). Because Wiggins's notice of appeal was untimely under Rule 4(b) of the Federal Rules of Appellate Procedure, the United States Court of Appeals for the Fifth Circuit remanded the matter to this Court to determine whether Wiggins is entitled to an extension of time to file his appeal due to excusable neglect or good cause. For the reasons stated herein, the Court finds that an extension of time is not warranted.

## I.    BACKGROUND

Wiggins was sentenced in July 2013 to a term of imprisonment of 168 months after pleading guilty to conspiracy to participate in a racketeering enterprise, conspiracy to distribute and possess with the intent to distribute cocaine base, and conspiracy to possess a firearm in furtherance of a crime of violence and drug

---

[1] R. Doc. No. 732.
[2] R. Doc. No. 731.

trafficking crimes.[3] Wiggins timely appealed the judgment to the United States Court of Appeals for the Fifth Circuit, though the appeal was subsequently dismissed upon his own motion.[4]

In August 2015, Wiggins filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), which this Court denied after considering the factors under 18 U.S.C. § 3553(a) and finding that Wiggins's sentence was fair and reasonable under the circumstances.[5] More than three years later, Wiggins again moved for a sentence reduction pursuant to 18 U.S.C. §3582(c)(2),[6] which this Court denied on March 19, 2019.[7]

Wiggins appealed this Court's judgment denying a sentence reduction to the United States Court of Appeals for the Fifth Circuit several weeks later.[8] Pursuant to Rule 4(b)(1)(A)(i) of the Federal Rules of Appellate Procedure, which requires a notice of appeal in a criminal case to be filed by the defendant within fourteen days of the entry of judgment, Wiggins's notice of appeal was due on April 2, 2019. However, the envelope containing Wiggins's notice of appeal was postmarked April 19, 2019, and the filing was docketed on April 22, 2019.[9] The Fifth Circuit customarily treats the filing of an untimely notice of appeal within the thirty-day period after the appeal is due as a motion for determination whether the defendant is entitled to an

---

[3] R. Doc. No. 524.
[4] R. Doc. No. 593.
[5] R. Doc. No. 679.
[6] R. Doc. No. 730.
[7] R. Doc. No. 731.
[8] R. Doc. No. 732.
[9] *See id.*

extension of time to appeal due to excusable neglect or good cause. *United States v. Golding*, 749 F.2d 183, 184 (5th Cir. 1984) (per curiam). Accordingly, the Fifth Circuit remanded the matter to this Court to determine whether Wiggins's untimely filing of the notice of appeal was due to excusable neglect or good cause.[10]

## II.     LAW AND ANALYSIS

Under Rule 4(b)(4) of the Federal Rules of Appellate Procedure, the district court may grant a party an additional thirty days from the expiration of time otherwise prescribed to file a notice of appeal if the court makes "a finding of excusable neglect or good cause."[11]

The determination of whether a party's neglect is excusable under Rule 4(b)(4) is an equitable inquiry that focuses on four factors: "the danger of prejudice to the [non-filing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *United States v.*

---

[10] R. Doc. No. 733.

[11] As noted by the Advisory Committee to the Federal Rules of Appellate Procedure, "[t]he good cause standard applies in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant." Fed. R. App. P. 4 advisory committee's note, 2002 Amendments, Subdivision (a)(5)(A)(ii)). Because the Court finds that there was fault in this matter, discussed *infra*, its determination is based on the "excusable neglect" standard.

*Clark*, 51 F.3d 42, 44 (5th Cir. 1995) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Wiggins argues that the untimeliness of his notice of appeal is excusable because he is a pro se litigant acting in good faith and that there was good cause because the delay was due to circumstances beyond his control.[12] Specifically, Wiggins asserts that he was not aware of the filing deadline and that his delay was due to the transfer of an inmate who had assisted him with his March 2019 motion for a sentence reduction.[13] Wiggins contends that prior to the Court issuing its judgment on March 19, 2019 and Wiggins receiving a copy of the judgment on March 26, 2019, the inmate was transferred to another facility.[14] Consequently, Wiggins claims that his "assistance was taken away," and his filing delay as a "layman in the law" should be excusable because he is "not schooled in the language of the law" and "acted in good faith" to file an appeal "as soon as he obtained assistance."[15] Wiggins

---

[12] R. Doc. No. 735, at 2–3.

[13] *Id*. Wiggins explains that this inmate "reviewed Wiggin's [sic] case and drafted the Motion with no help from Wiggins. All Wiggins did in the preparation of the Motion was sign the motion, address the envelope and place the postage stamps on it." *Id*. at 2.

[14] *Id*. at 2. Wiggins explains in his brief that the inmate who had assisted him "drafted the Motion with no help with Wiggins" and that "[a]ll Wiggins did in the preparation of the Motion was sign the Motion, address the envelope and place the postage stamps on it." The Court notes that based on this description, Wiggins appears to have had no knowledge of the substantive content he presented before the Court in moving for a sentence reduction. Clearly, Wiggins fails to state that he had any substantive discussions with the unidentified inmate prior to the mailing of the motion.

[15] *Id*. at 3.

also asserts that the denial of an extension of time would prejudice his case and that the length of the delay would not negatively impact judicial proceedings.[16]

The government opposes an extension of time for Wiggins to file his appeal because it questions the "reasons for the delay and whether they were reasonably within his control."[17] The government concedes that an extension of time would have "minimal" impact on judicial proceedings and that "the danger of prejudice to the Government is low."[18] However, the government argues that Wiggins's delay does not constitute excusable neglect based on his "unconfirmed and vague assertions" related to the transfer of an unidentified inmate who had allegedly assisted him in his legal filings.[19]

The Court finds that Wiggins's untimely filing of his notice of appeal does not constitute excusable neglect or good cause to warrant an extension of time under Rule 4(b)(4). Lack of notice is not at issue in this case;[20] Wiggins acknowledges that he received a copy of the judgment on March 26, 2019.[21] *Cf. United States v. Effron*, No. 08-71, 2018 WL 4443127 (E.D. La. Mar. 1, 2018), *report and recommendation adopted,* No. 08-71, 2018 WL 4443128 (E.D. La. Mar. 22, 2018) (finding excusable neglect for one-week delay because defendant did not receive notice of order until two

---

[16] *Id.* at 2.
[17] R. Doc. No. 738, at 5.
[18] *Id.*
[19] *Id.* at 5.
[20] Even if the issue of notice was in dispute, the Fifth Circuit has held that "[l]ack of notice is not a basis for a plea of excusable neglect and does not excuse noncompliance with Rule 4(b)." *United States v. Awalt*, 728 F.2d 704 (citations omitted).
[21] R. Doc. No. 735, at 2.

weeks after deadline to file appeal had passed and defendant was unable to access legal materials because of institutional lockdown).

Moreover, there was no ambiguity regarding the applicable rules for the filing deadline. While the Court recognizes that Wiggins is a pro se applicant and may be unfamiliar with the complexities of the law, the filing of an appeal to the Fifth Circuit "required nothing unusual or difficult" that could lead to excusable confusion or misinterpretation of the rules. *Clark*, 51 F.2d at 44 (recommending that the district court find no excusable neglect on remand because the case was a "garden variety criminal appeal" and "there was nothing complicated or novel about the procedural posture of the case").

After receiving notice on March 26, 2019 that his motion for a sentence reduction was denied, Wiggins had one week to file a timely appeal. However, he failed to file his appeal until several weeks after he was notified of the judgment. This delay appears to have been within Wiggins's reasonable control. Wiggins has not corroborated his claim of inmate assistance whatsoever, which causes the Court to also question whether he is acting in good faith. Viewing the facts and circumstances as a whole and balancing all relevant factors, the Court concludes that an extension of time is not warranted.

## III.    CONCLUSION

For the foregoing reasons, the Court does not find that Wiggins's untimely filing of his notice of appeal was due to excusable neglect or good cause.

New Orleans, Louisiana, July 3, 2019.

                                           **LANCE M. AFRICK**
                              **UNITED STATES DISTRICT JUDGE**